# In the United States District Court for the Southern District of Georgia Statesboro Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 612-010 |
| AUBREY LEE PRICE, | CR 614-016 |
| Defendant. | |

### ORDER

Before the Court is Defendant Aubrey Price's motion to amend/correct the presentence investigation report. Dkt. No. 84 (Case No. 6:14-cr-016); Dkt. No. 120 (Case No. 6:12-cr-10).[1] For the reasons below, Defendant's motion is **DENIED**.

### BACKGROUND

In June 2014, Defendant pleaded guilty to bank fraud, securities fraud, and wire fraud before the Honorable B. Avant Edenfield pursuant to a plea agreement filed in both cases. Defendant committed the offenses through two main schemes. In one, Defendant solicited funds from individual investors, small companies, and investment firms (collectively, "individual victims") which Defendant invested on behalf of the investors. In the second scheme, Defendant used his position and influence at

---

[1] For the remainder of this Order, the Court's references to docket entries are to those in Case No. 6:14-cr-016 unless otherwise specified.

Montgomery Bank & Trust ("MB&T") to convince the bank's management to invest the bank's capital through an account which Defendant controlled. Rather than investing the funds he received from the individual victims and MB&T in low-risk investments or investments with low volatility as he had advertised, Defendant utilized the funds to conduct speculative trades and to purchase liquid assets. Both schemes were accomplished through Defendant's production and dissemination of fraudulent documentation. Ultimately, Defendant's fraudulent conduct resulted in significant financial losses to the individual victims and MB&T, and the bank was forced to close due to insolvency.

United States Probation prepared a single presentence investigation report ("PSR") which combined the relevant conduct of both schemes and both cases. Notably, Defendant did not submit any objections to the PSR. The PSR identified approximately 115 individual victims of Defendant's fraudulent conduct. Additionally, MB&T was identified as a victim; however, the Federal Deposit Insurance Corporation ("FDIC") became the receiver for the bank after the bank closed. Further, the United States Coast Guard reported costs associated with its attempt to locate Defendant. In total, the PSR outlined the victim information and respective restitution as:

| Victims | Restitution Amounts |
|---|---|
| Individual Victims | $28,866,944.39 |
| FDIC (MB&T receiver) | $16,900,000.00 |
| U.S. Coast Guard | $173,000.00 |
| Total | $45,939,944.39 |

In October 28, 2014, Judge Edenfield sentenced Defendant to a total term of 360 months' imprisonment, followed by five years' supervised release.  See Dkt. No. 9.  At sentencing, Judge Edenfield deferred restitution determination until a later date to permit the parties to further investigate the restitution issue and to provide the Court with additional information.  The cases were then reassigned to the undersigned.

On September 24, 2015, after both parties had submitted briefs, the Court held a hearing to determine the final amount Defendant owed in both cases.  Dkt. No. 28.  As noted in the restitution order, dkt. no. 29, the Court conducted an independent analysis of the parties' arguments in both the briefs and at the hearing.  The Court arrived at its own determination and found by a preponderance of the credible evidence that Defendant owed the following in restitution:

| Victims | Restitution Amounts |
|---|---|
| Individual Victims | $27,964,800.77 |
| FDIC (MB&T receiver) | $14,700,000.00 |

3

| U.S. Coast Guard | $173,000.00 |
| --- | --- |
| Total | $42,837,800.77 |

In October 2015, an amended judgment and a corrected amended judgement were entered, both reflecting the Court's restitution order. Dkt. Nos. 30, 31.

**DISCUSSION**

Through his motion, Defendant urges the Court to amend the PSR. In support, he files as exhibits documents filed in a related civil action in which he is a defendant. See Securities & Exchange Commission v. Price, et al., No. 1:12cv02296 (N.D. Ga.) (noting, according to Defendant, fewer victims and a lesser amount of restitution owed compared to the figures contained in the PSR). The exhibits indicate that funds were recovered and disbursed to various victims during the proceedings in the related civil action. Defendant argues the PSR should be amended to correct "inaccuracies" regarding the estimated number of victims and the amount of restitution due.

Following sentencing, any adjustments to a restitution order as a result of damages recovered during a federal civil action are more properly urged by the U.S. Attorney's Office pursuant to 18 U.S.C. § 3664(j)(2)(A). That statute provides, in relevant part, that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory

4

damages for the same loss by the victim in any Federal civil proceeding."

Indeed, in the instant cases, the U.S. Attorney's Office filed two § 3664(j)(2)(A) motions, No. 6:12cr10, dkt. nos. 111 and 119 (reflecting compensatory damages paid to the victims in <u>Securities and Exchange Commission v. Aubrey</u>), and the Court granted both motions. As such, the current record accurately reflects the number and identity of the victims at the time of the Court's entry of a restitution order, the adjustment of those figures based on funds recovered and disbursed following the entry of the restitution order, and the current restitution balance due.

Moreover, the Court did not adopt the recommendations contained in the PSR at sentencing with respect to the number of victims or the total amount of restitution. To the contrary, the Court held a separate hearing to determine by a preponderance of the evidence the number and identity of the victims and the total amount of restitution. As such, amending the PSR at this late date—more than six years after its submission—would have no impact on the record with respect to the number of victims or the total amount of restitution due. Rather than making the record clearer, amending the PSR now would serve only to make the record less clear as to the information available to and considered by the Court when it made its findings regarding the number of victims and the amount of restitution.

5

## CONCLUSION

For the reasons stated above, Defendant's motion to amend/correct the PSR, dkt. no. 84 (Case No. 6:14-cr-016); Dkt. No. 120 (Case No. 6:12-cr-10), is **DENIED**.

**SO ORDERED**, this 15 day of January, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA