UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case Nos. 6:12cr010 and 6:14cr016 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| AUBREY LEE PRICE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his family circumstances, conditions of confinement, and medical conditions, i.e. long-term COVID-19 symptoms and post-traumatic stress disorder, together with the risks associated with COVID-19, warrant compassionate release pursuant to 18 U.S.C. § 3582(c).

To the extent Defendant moves for compassionate release based upon his father's failing health, his motion is DENIED. A parent's health is not an "extraordinary and compelling reason" warranting compassionate release under 18 U.S.C. § 3582(c). Additionally, to the extent Defendant moves for compassionate release to care for his daughter with special needs, his motion is DENIED. Defendant's daughter is no longer a minor and therefore does not qualify as an "extraordinary and compelling reason" warranting compassionate release under 18 U.S.C. § 3582(c).

To the extent Defendant moves for compassionate release based upon the conditions of his confinement, his motion is DENIED. "[R]elease from imprisonment is not an available

3

remedy for a conditions-of-confinement claim." Vaz v. Skinner, 634 F. App'x 778, 781 (11th Cir. 2015). Such allegations should, instead, be brought in an action under 42 U.S.C. § 1983 or 28 U.S.C. § 2241 in the district of confinement.

With regard to his alleged medical conditions, Defendant's medical records from the past year do not establish Defendant suffers from either long-term COVID-19 symptoms or PTSD. Indeed, his medical records reflect that he fully recovered from his bout with COVID-19 in January 2022. Moreover, Defendant has been fully vaccinated against COVID-19. General concerns regarding COVID-19 alone do not qualify as "extraordinary and compelling reasons" warranting compassionate release. The Court concludes that Defendant has not met his burden to show an extraordinary and compelling reason to warrant compassionate release.

Even if Defendant could show an extraordinary and compelling reason to support compassionate release, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the underlying case, Defendant abused his positions as pastor and financial advisor to take advantage of the elderly who entrusted him with millions of dollars of their retirement money, which he lost through speculative trading and bad investment decisions. Defendant did not make the investments he told them he would make, and he lied to them about it. To make matters worse, Defendant planned and carried out his own disappearance when he feared being caught. He then turned to drug trafficking for money. Upon his arrest, he was found with false identification and other documents he used to remain a fugitive at large. Pursuant to a written plea agreement, Defendant pleaded guilty to bank fraud, securities fraud, and wire fraud. The Court sentenced Defendant to 360 months' imprisonment, a favorable sentence relative to the potential 560-year sentence for both cases before this Court. Currently, Defendant's projected release date is April 20, 2035, meaning he has approximately

thirteen years left to serve. If Defendant were released now, he will have served well below both his favorable sentence and his guidelines range. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offenses, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: July 26, 2022

_____
UNITED STATES DISTRICT JUDGE